# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JACQUELINE SKORCZ                                PLAINTIFF

v.                     No. 5:19-cv-285-DPM

QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC.;
NEELY ROBINSON; THE BRIDGEWAY, LLC;
STEVEN KRACHT;
UNIVERSAL HEALTH
SERVICES, INC.; and UHS OF
DELAWARE, INC.                                DEFENDANT

## ORDER

Skorcz worked as a nurse at The Bridgeway for many years. After a drug test requested by the facility came back positive, she was fired. She was reported to the State Board of Nursing, which eventually cleared her. Skorcz has sued several people and entities involved in the drug test. The defendants removed the case here and seek dismissal. In response, Skorcz has abandoned her claims against everyone except Quest Diagnostics, the lab that tested the urine sample.

Skorcz defamation claim fails as a matter of law. Quest had a qualified privilege to do the lab work and report the results to The Bridgeway. That was the lab's task; and the employer needed to know if Skorcz was using drugs without a prescription. *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 659 (Ark. 2002). The privilege isn't absolute, of

course. In service of her claim for punitive damages, Skorcz makes a conclusory allegation about Quest maliciously and intentionally failing to correct its report after it learned that the results were wrong. More factual details than that are necessary, though, to make a plausible claim that Quest did not act in good faith.

Several of Skorcz's other claims fail, too. She hasn't pleaded any physical harm, so there is no solid basis for negligent infliction of emotion distress. *Dowty v. Riggs*, 2010 Ark. 465, at 6, 385 S.W.3d 117, 120-21. Quest did not employ Skorcz, so there's no solid claim under Arkansas's Drug Free Workplace statute. ARK CODE ANN. § 11-14-107(b). Interference with contractional relations is an intentional tort. *Mason v. Wal-Mart Stores Inc.*, 969 S.W.2d 160, 165 (Ark. 1998). And Skorcz's allegations of the intentional non-correction is too generic to suffice. *Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585, 594 (8th Cir. 2009).

Skorcz case is for negligence—Quest, she says, bungled its work, leading to her lost job and other damages. Did Quest have a duty to her? This is an unanswered question of law in Arkansas. Looking to other jurisdictions, Quest contends its duty is limited to scientific integrity in the lab work. № *10 at 10–11*. Skorcz has sufficiently and plausibly alleged mistakes in that work and beyond. The Court will address the scope of Quest's duty when the parties have developed a record about who did what and when.

* * *

Unopposed motions, № 7 & 13, granted. All claims against Robinson (misnamed Robinson), Universal Health, UHS of Delaware, The Bridgeway, and Kracht are dismissed without prejudice. Quest's motion, № 9, is partly granted and partly denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 October 2019